# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

v.

**LOUIS E. HOPKINS,**
a/k/a "Lou,"

**Defendant.**                                                         No. 08-30225-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge**:

### I. Introduction

Now before the Court is Hopkins' February 5, 2009 motion to reconsider Defendant's motion for leave (Doc. 56). Specifically, Hopkins moves the Court to reconsider its Order denying his motion for leave to file suppression motion in light of the grand jury returning a superseding indictment containing five additional counts against him. The Court presumes that the Government opposes the motion. Based on the following, the Court grants the motion to reconsider.

### II. Analysis

**Federal Rule of Criminal Procedure 12(b)(3)(C)** requires that motions to suppress evidence be filed before trial. **Rule 12(c)** allows the Court to set a deadline for the parties to file pretrial motions, including motions to suppress, and permits the Court to set a motion hearing. Under **Rule 12(e)**, however, "A party

'waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court sets.' **Fed.R.Civ.P. 12(e)**. However, the district court may, for good cause, the court may 'grant relief from the waiver.'" ***See United States v. Salahuddin*, 509 F.3d 858, 860 (7th Cir. 2007)(quoting *United States Mancillas*, 183 F.3d 682, 703 (7th Cir. 1999))**.

Here, the Court set a deadline for pre-trial motions under Rule 12(c), and the defendant failed to meet that deadline. He has thereby waived any Rule 12(b)(3) defenses or objections, unless the Court permits such filing upon a showing of good cause.

On January 21, 2009, the grand jury returned a superseding indictment against Hopkins containing five new offenses: Counts 2-4 allege distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C); Counts 5-6 allege tampering with a witness in violation of 18 U.S.C. § 1512(b)(1) and Count 1 alleges unlawful transportation of firearms by a felon in violation of 18 U.S.C. § 922(g)(1) – this count was changed to include two additional firearms (Doc. 47). Hopkins contends that despite of being aware of the alleged incriminating statements since November 18, 2008, the superseding indictment filed on January 21, 2009 presents new and previously unforseen issues regarding these statements. Further, Hopkins contends that the new charges in the superseding indictment have caused him to re-examine the Government's case and reconsider its defense strategy. Under the circumstances, the Court finds that Hopkins has established good cause

to warrant the Court extending the time to file pre-trial motions.

### III. Conclusion

Accordingly, the Court **GRANTS** Hopkins' motion to reconsider Defendant's motion for leave (Doc. 56). The Court **ALLOWS** Hopkins up to and including February 13, 2009 to file pre-trial motions. Further, the Court **ALLOWS** the Government ten (10) days from the date of the filing of the motion to respond.

**IT IS SO ORDERED.**

Signed this 6th day of February, 2009.

/s/ David R Herndon
**Chief Judge
United States District Court**