IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

**v.**

**LOUIS E. HOPKINS,**
a/k/a "Lou,"

**Defendant.**                                              No. 08-30225-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge**:

### I. Introduction and Procedural History

Now before the Court is Hopkins' June 15, 2009 motion to suppress statements (Doc. 73). Specifically, Hopkins moves to suppress statements he allegedly made to law enforcement while being transported to the St. Clair County Jail without additional reading of his Miranda warning and without counsel being present.[1] The Government opposes the motion arguing that it is untimely and that the motion is meritless (Doc. 75). Based on the following, the Court denies the motion to suppress statements (Doc. 73).

On November 12, 2008, Hopkins was arraigned and given 21 days (December 3, 2008) to file motions (Doc. 9). That date passed without *any* filings.

---

[1] The Court notes that this motion was filed by Hopkins' third counsel, Mr. Rodney Holmes on June 15, 2009 and that the trial is set for July 6, 2009.

Thereafter, on December 19, 2008, Hopkins' counsel, Assistant Federal Public Defender Todd Schultz, filed a motion as to status of counsel (Doc. 15) which the Court set for hearing on January 5, 2009. On January 5, 2009, the Court held a hearing on the motion for status of counsel; found that Mr. Schultz should remain as counsel for Defendant Hopkins and denied an oral motion to continue the trial set for January 12, 2009 (Doc. 17).[2] The next day, the Government moved to continue trial (Doc. 18) and the Court granted the motion to allow the Government to supersede the indictment and continued the trial to January 26, 2009 (Doc. 20).

On January 8, 2009, Hopkins filed a motion for leave to suppress evidence and memorandum in support, over a month late of the deadline (Doc. 21). Also on January 8, 2009, Hopkins filed the motion to suppress and a memorandum in support (Docs. 22 & 23). On January 12, 2009, the Clerk of the Court struck the motion to suppress and the memorandum in support as Hopkins had not obtained leave of the Court to file such (Doc. 25). That same day, the Government filed its opposition to the motion for leave (Doc. 26). On January 12, 2009, the Court denied Hopkins leave to file the motion for leave (Doc. 29).

On January 21, 2009, the grand jury returned a seven-count superseding indictment against Hopkins (Doc. 47).[3] The next day, the Court

---

[2] During the January 5, 2009 hearing regarding the status of counsel, Defendant Hopkins objected to his attorney's oral motion to continue trial.

[3] The superseding indictment contained five new offenses against Hopkins: Counts 2-4 allege distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C); Counts 5-6 allege tampering with a witness in violation of 18 U.S.C. § 1512(b)(1) and Count 1 alleges unlawful transportation of firearms by a felon in violation of 18 U.S.C. § 922(g)(1) – this

arraigned Hopkins on the charges contained in the superseding indictment (Doc. 52) and granted Hopkins motion to continue trial and continued the jury trial set for January 26, 2009 to February 23, 2009 (Docs. 52 & 54). On February 5, 2009, Hopkins filed a motion to reconsider Defendant's motion for leave (Doc. 56). The next day, the Court granted the motion to reconsider in light of the additional charges contained in the superseding indictment and allowed Hopkins up to and including February 13, 2009 to file a motion to suppress (Doc. 57).

Thereafter on February 11, 2009, the Court granted a motion to withdraw attorney (Doc. 58) and appointed attorney Rodney Holmes to represent Hopkins (Doc. 59). However, on February 16, 2009, attorney Michael F. Jones entered an appearance on behalf of Hopkins as retained counsel (Doc. 60). Thus, the Court entered an Order terminating Mr. Holmes' representation of Hopkins on February 20, 2009 (Doc. 61). On February 20, 2009, Hopkins, through attorney Jones, filed a motion to continue trial and for extension of time to file pretrial motions (Doc. 62). That same day, the Court granted the motion, continued the trial to April 27, 2009 and allowed Hopkins up to and including March 13, 2009 to file pretrial motions (Doc. 63).

On March 13, 2009, attorney Jones filed a motion to withdraw attorney or convert to CJA Panel Appointment (Doc. 64) and a motion for extension of time to file pretrial motions (Doc. 65). On March 26, 2009, the Court held a hearing on

---

count was changed to include two additional firearms (Doc. 47).

the motion to withdraw and granted the motion (Doc. 67).[4] The next day, Mr. Holmes was reappointed to represent Hopkins (Doc. 68). Thereafter on April 20, 2009, Hopkins, through Holmes, filed a motion to continue trial (Doc. 71) which the Court granted and continued the trial set for April 27, 2009 to July 6, 2009 (Doc. 72). On June 15, 2009, three weeks before the trial date, Hopkins filed the motion to suppress statements (Doc. 73). The next day, the Court directed the Government to file a response to the motion on or before June 26, 2009 (Doc. 74). On June 17, 2009, the Government filed its response (Doc. 75). The Government contends that the motion is untimely. The Court agrees.

## II. Analysis

**Federal Rule of Criminal Procedure 12(b)(3)(C)** requires that motions to suppress evidence be filed before trial. **Rule 12(c)** allows the Court to set a deadline for the parties to file pretrial motions, including motions to suppress, and permits the Court to set a motion hearing. Under **Rule 12(e)**, however, "A party 'waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court sets.' Fed.R.Civ.P. 12(e). However, the district court may, for good cause, the court may 'grant relief from the waiver.'" ***See United States v. Salahuddin*, 509 F.3d 858, 860 (7th Cir. 2007)(quoting *United States Mancillas*, 183 F.3d 682, 703 (7th Cir. 1999))**.

Here, the Court set and rest a deadline for pre-trial motions under Rule

---

[4]On March 30, 2009, the Court denied as moot the motion for extension of time to file pretrial motions (Doc. 69).

12(c), and the defendant failed to meet that deadline. He has thereby waived any Rule 12(b)(3) defenses or objections, unless the Court permits such filing upon a showing of good cause. No such showing has been made in the pending motion to suppress evidence. Defendant himself has been on notice of the police reports and discovery since November 18, 2008 when the Government provided Defendant with the same. Further, his current counsel has also been on notice of the police reports since April 2009. Despite this knowledge ,Defendant failed to timely file the motion to suppress or seek an extension of time to file a motion to suppress to preserve the issue contained in the motion to suppress. Further delay is not warranted absent a showing of good cause, and no such showing has been attempted here. Thus, the Court denies the motion as untimely.

Assuming *arguendo* that Hopkins' motion is timely, the Court finds that the motion is meritless and that suppression of the statements is not warranted under the circumstances. Further, the Court finds that Hopkins has not made a threshold showing that a hearing is needed.[5]

Hopkins' motion states that he was arrested on February 2, 2008 and

---

[5]"Evidentiary hearings on motions to suppress are not granted as a matter of course but are held only when the defendant alleges sufficient facts which if proven would justify relief." **United States v. Coleman, 149 F.3d 674, 677 (7th Cir. 1998) (citing United States v. Woods, 995 F.2d 713, 715 (7th Cir. 1993))("A trial court is required to grant a suppression hearing only when a defendant presents facts justifying relief."); see also United States v. Rollins, 862 F.2d 1282, 1291 (7th Cir. 1988)**. As the **Coleman** court explained: "Evidentiary hearings are warranted only when the allegations and moving papers are sufficiently definite, specific and non-conjectural and detailed enough to enable the court to conclude that a substantial claim is presented and that there are disputed issues of material fact which will affect the outcome of the motion." **149 F.3d at 677**. The burden is on the parties requesting the hearing to show that there are disputed issues of material fact that require an evidentiary hearing. **Rollins, 862 F.2d at 1291**. Here, Hopkins has offered no specifics showing such issues.

that he was advised of his Miranda rights while at the Illinois State Police Headquarters in Collinsville, Illinois. He asked to talk to his attorney prior to making a statement. Attorney Tom Daley was contacted by telephone and advised Hopkins not to make a statement. Hopkins then refused to make a statement. Shortly thereafter, Hopkins was transported to the St. Clair County Jail and while in route, allegedly made statements to law enforcement without additional reading of his Miranda warnings and without counsel present. The Government contends that Hopkins' motion is meritless. Specifically, the Government maintains that none of the statements Hopkins' made were as part of an interrogation, that Hopkins initiated the conversation and that the statements were spontaneous.

When a defendant elects to remain silent, law enforcement must "scrupulously honor" such a request. ***Michigan v. Mosely*, 423 U.S. 96, 104-105 (1975)(holding that although Mosley had invoked his right to remain silent, a subsequent interview about a second crime by a second detective conducted two hours later did not violate Miranda)**. "[T]he constitutionality of a subsequent police interview depends not on its subject matter but rather on whether the police, in conducting the interview, sought to undermine the suspect's resolve to remain silent." ***United States v. Schwensow*, 151 F.3d 650, 659 (7th Cir. 1998)(holding that an officers resumption of questioning thirty six hours after Schwensow invoked his right to remain silent did not violate Miranda)**.

A trial court may admit an admission into evidence only if the accused

made it voluntarily.  *United States v. Williams*, 128 F.3d 1128, 1131 (7th Cir. 1997).  "A confession is voluntary if in light of the totality of the circumstances, it was 'not secured through psychological and physical intimidation but rather was the product of a rational intellect and a free will.'"  *United States v. Ceballos*, 302 F.3d 679, 694 (7th Cir. 2002)(citing *United States v. Sablotny*, 21 F.3d 747, 751-52 (7th Cir. 1994)).  Such circumstances include but are not limited to "whether the defendant was read his *Miranda* rights, the defendant's age, the duration and nature of the questioning and whether the defendant was punished physically."  *Id.*  Only if circumstances "demonstrate that police coercion or overreaching overbore the accused's will and caused the confession" is an incriminating statement involuntary.  *Conner v. McBride*, 375 F.3d 643, 651 (7th Cir. 2004).

Based on the totality of the circumstances, it is clear that the statements that Hopkins gave while in route to the St. Clair County Jail clearly were voluntary as the statements were a product of a rational intellect and free will.  Defendant's motion does not allege that the statements he made were not spontaneous nor were made pursuant to interrogation by law enforcement officers.  Consequently, the Court infers that Defendant concedes the spontaneity of his statements.  ISP Special Agent Karen Gordon's report reveals that she was not interrogating Hopkins at the time he made the statements.  In fact the report demonstrates that Special Agent Gordon merely was responding to Hopkins' question regarding whether there was

a five year minimum for being charged with the weapons as a felon. After Special Agent Gordon responded, Hopkins continued the conversation by asking if it made a difference if the weapons were loaded or not and that he knew there were no rounds in the rifle or the SKS. Special Agent Gordon told Hopkins that the handgun was loaded and Hopkins answered "YEA." There is nothing in the record that establishes that law enforcement provoked or solicited the statements. In fact, the record reveals that the statements were made spontaneously by Hopkins as a result of his own free will. Therefore, the statements are admissible and the Court denies the motion to suppress statements.

### III. Conclusion

Accordingly, the Court **DENIES** Hopkins' motion to suppress (Doc. 73). Jury trial remains set for July 6, 2009 at 9:00 a.m.

**IT IS SO ORDERED.**

Signed this 18th day of June, 2009.

/s/    *David R Herndon*
**Chief Judge**
**United States District Court**