IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>LOUIS E. HOPKINS, )<br>)<br>Defendant. ) | CRIMINAL NO. 08-30225-DRH-PMF |

**PRELIMINARY ORDER FOR FORFEITURE PURSUANT TO FED.R.CRIM.P. 32.2
WITH RESPECT TO A CERTAIN FIREARMS
AND AMMUNITION OF LOUIS E. HOPKINS**

In the Indictment filed in the above cause on January 21, 2009, the United States sought forfeiture of property of defendant, Louis E. Hopkins, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c). The court, upon consideration of the finding of guilt received in this matter, hereby finds by a preponderance of evidence that the following property is forfeitable and hereby orders forfeited the following property which the defendant admits was involved in the commission of the offenses to which the defendant is pleading guilty:

1. One Arms Corporation of the Phillipines (ARMSCOR), Model AK47/22 (M-AK22), .22 Long Rifle caliber, semi-automatic rifle, bearing an originally obliterated serial number that was later restored to reflect a serial number of A406786;

2. One Charter Arms, Model Undercover, .38 Special caliber revolver, bearing serial number 420323;

3. One Norinco, Model SKS 7.62 x 39mm, semi-automatic rifle, bearing serial number W6093; and

4. **All ammunition contained within the foregoing firearms.**

The United States shall, under the authority of 21 U.S.C. § 853(n)(1) to " publish notice of

the order and of its intent to dispose of the property in such matter as the Attorney General may direct," provide notice of the forfeiture and the right of persons other than the defendant who have any claim or legal interest in any of the property to file a petition with the Court.  Said notice shall be provided in a manner consisted with Supplemental Rule G(4)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

The notice shall state that the petition shall be set for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim and the release.

The United States may, also to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Order for Forfeiture, as the substitute for the published notice to those persons so notified.

Upon the filing a petition alleging the third-party interests in the property, the court may amend this order to resolve the claimed third-party interests.

The United States Marshal or the Vault Custodian for the Bureau of Alcohol, Tobacco, Firearms and Explosive shall seize and reduce to his possession, if he has not already done so, the above-described property.

This Order, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, shall become final with respect to Defendant Louis E. Hopkins at the time of the Defendant's sentencing, regardless of whether or not the rights of actual or potential third-party petitioners have been determined by that time.  This Order shall be made part of the sentence of Defendant Louis E. Hopkins and shall be included in the Judgment imposed against said Defendant.  This Order is a final

order with respect to said Defendant, and this Order may be amended with respect to petitions filed by third-parties claiming an interest in the subject-matter forfeited property.

**DATE: October 20, 2009**

/s/    David R Herndon

**Chief Judge**
**United States District Court**