IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

vs.

LOUIS E. HOPKINS,

Defendant.                                                   No. 08-CR-30225-DRH

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

On October 16, 2009, the Court sentenced Hopkins to 108 months (Doc. 99) and the Clerk of the Court entered Judgment reflecting the same (Doc. 102). On December 1, 20909 an Amended Judgment was entered (Doc. 112). On June 15, 2015, Hopkins filed a motion for reduction of sentence pursuant to U.S.S.G. Amendment 782 (Doc. 130). On November 9, 2015, the Federal Public Defender's office entered an appearance (Doc. 132). Thereafter, on January 5, 2016, Assistant Federal Public Defender Ethan Skaggs moved to withdraw on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c) (Doc. 133). *See Anders v. California*, 386 U.S. 738, 744 (1967). Thereafter, the Court allowed Hopkins an opportunity to respond to the motion to withdraw (Doc. 134). As of this date, Hopkins has not responded.

Section 3582(c)(2) of Title 18 allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term

of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

Here, Hopkins is *not* entitled to a reduction in his sentence because he cannot satisfy the first criterion of that statute; he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Here, Hopkins was sentenced under the guidelines for being a felon in possession of a firearm under §2K2.1  Consequently, Hopkin's sentencing guideline range does not change as a result of the application of Amendment 782. As Hopkin's guideline range has not been lowered, he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Accordingly, the Court **GRANTS** counsel's motion to withdraw (Doc. 133) and **DENIES** Hopkin's motion for a sentence reduction (Doc. 116).

**IT IS SO ORDERED.**

Signed this 10th day of February, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.02.11 12:09:14 -06'00'

**United States District Judge**